UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| SHAMAR M. PERKINS, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-4172 |
| ) | |
| ILLINOIS DEPARTMENT OF HUMAN ) | |
| SERVICES *et al.*, ) | |
|     Defendants. ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Complaint (Doc. 1) under 42 U.S.C. § 1983, a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 3); a Motion for Counsel (Doc. 4), and a Motion to Waive the Filing Fee (Doc. 7) filed by Plaintiff Shamar Perkins, a resident of the Illinois Department of Human Services ("IDHS") Treatment and Detention Facility ("TDF") under the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1 *et seq.*

I.   Complaint

    A. Screening Standard

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally,

a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2).

In reviewing the complaint, the district court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Facts Alleged**

Plaintiff names the following Defendants: Mailroom Staff Member S. Demaree, Trust Fund Staff Member Holler, Security Therapy Aid Shara Miller, Rushville City Post Office ("Post Office"), IDHS, and TDF.

Plaintiff asserts that he has not received any responses to the more than four hundred letters he mailed to elected officials. Plaintiff claims this "suspicious conduct" of staff tampering with mail is meant to discourage and deprive Plaintiff from contacting elected officials. Plaintiff also contends that Defendant Miller is not qualified to handle mail intended for delivery by the United States Postal Service but does not elaborate.

**C. Analysis**

Censorship of an inmate's outgoing mail is "scrutinized under the standard espoused in [*Procunier v. Martinez*, 416 U.S. 396, 413 (1974)]." *Koutnik v. Brown*, 456 F.3d

777, 784 (7th Cir. 2006); *see also Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) ("*Martinez* [is] limited to regulations concerning outgoing correspondence. . . . The implications of outgoing correspondence for prison security are of a categorically lesser magnitude than the implications of incoming materials.").

The crux of Plaintiff's pleading is his belief that tampering with his outgoing mail occurred because he did not receive responses to the many letters he mailed to elected officials. However, elected officials are not required to respond regardless of how many correspondences Plaintiff sends, and the lack of responses, on its own, is not sufficient to permit a plausible inference that Defendant Miller or any other TDF official tampered with mail intending to discourage Plaintiff from contacting his elected representatives. Plaintiff's conclusory assertion that Miller is not qualified to manage mail is also insufficient to state a plausible claim.

"To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Despite listing S. Demaree and Holler as Defendants, Plaintiff does not provide facts to infer they committed a constitutional violation. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v.*

*King*, 745 F.3d 242, 246 (7th Cir. 2014). "State agencies are not 'persons' under § 1983." *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2006); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. 2018) ("[T]he fact that a building is owned by a corporate entity or a government agency does not make the building a suable person under § 1983."). Thus, Plaintiff does not state a plausible claim against the Post Office, IDHS, or TDF.

Consequently, Plaintiff's Complaint is dismissed as it does not state a claim under § 1983. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a motion for leave to file an amended complaint. If Plaintiff decides to file an amendment, his amended pleading must be attached to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's amended complaint must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff's amendment must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants in his amended complaint is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id*.

## II.   Motion for Counsel

Plaintiff also moves to recruit counsel (Doc. 4). Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court denies Plaintiff's Motion for Counsel because he has not satisfied his threshold burden of demonstrating that he has attempted to hire counsel, which typically requires writing to several lawyers and attaching the responses received.

## III.   IFP Petition and Waiver of Filing Fee

Plaintiff's IFP Petition (Doc. 3) remains pending, but his Motion to Waive the Filing Fee (Doc. 7) is denied. District courts may require civil detainees to make a partial payment on filing fees even where the court grants the party *in forma pauperis* status. *See*

*Lumbert v. Ill. Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) (upholding Central District's partial-payment plan instituted for prisoners proceeding *in forma pauperis*; decided before Prison Litigation Reform Act was enacted on April 26, 1996, which requires partial payments in prisoner cases, *see* 28 U.S.C. § 1915(b)(2)). "Partial-payment requirements remain appropriate even when the PLRA does not apply—perhaps because the plaintiff is not a prisoner, perhaps because suit is not a 'civil action' and therefore is outside the PLRA even when the litigant is a prisoner." *Longbehn v. United States*, 169 F.3d 1082, 1083 (7th Cir. 1999) (upholding judge's decision to adopt "the statutory formula for a down-payment under the PLRA" in setting a partial fee for a plaintiff proceeding *in forma pauperis* even though "the PLRA [did] not apply of its own force").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Counsel (Doc. [4]) and to Waive the Filing Fee (Doc. [7]) are DENIED for the reasons stated in the Court's Order.**

2) **The Clerk of the Court SHALL terminate the Rushville City Post Office, Illinois Department of Human Services, and the Treatment and Detention Facility as Defendants.**

3) **The Court DISMISSES Plaintiff's Complaint (Doc. [1]] for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

4) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED May 16, 2024.

                                               s/ *Colleen R. Lawless*
                               _____
                                           COLLEEN R. LAWLESS
                                 UNITED STATES DISTRICT JUDGE